**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50489 |
| Plaintiff-Appellee, | D.C. No. 8:13-cr-00105-DOC-1 |
| v. | |
| THOMAS IAZZETTA, AKA Thomas Tommy Iazetta, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted November 7, 2018
Pasadena, California

Before: WARDLAW, RAWLINSON, and HURWITZ, Circuit Judges.

Thomas Iazzetta pleaded guilty to three counts of violating 18 U.S.C. §
1030(a)(2)(C), and was sentenced to six months in prison and ordered to pay
$2,800,000 in restitution. This appeal challenges the prison sentence and restitution
order. We vacate and remand for further proceedings.

1. Iazzetta's plea agreement waived his right to appeal his conviction and

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

sentence if the district court imposed a term of 36 months or less. Although the court did so, we cannot enforce the appeal waiver because (1) the judge unambiguously advised Iazzetta at sentencing that he had the right to appeal; (2) the court confirmed that Iazzetta understood that right; and (3) the government did not object to the judge's statements. *See United States v. Buchanan*, 59 F.3d 914, 917–18 (9th Cir. 1995); *United States v. Felix*, 561 F.3d 1036, 1041 (9th Cir. 2009).

2. The government concedes that the district judge violated Federal Rule of Criminal Procedure 11(c)(1) by threatening to reject the plea agreement unless Iazzetta stipulated to the government's proposed loss calculation. Because the loss calculation for purposes of the Sentencing Guidelines and the restitution order were based on that stipulation, there is a "reasonable probability" that the sentence and restitution order would have been different absent the violation. *United States v. Christensen*, 732 F.3d 1094, 1102 (9th Cir. 2013). We therefore vacate the sentence and restitution order, and remand so that the district court can determine the loss caused by Iazzetta's crimes without use of the stipulation.

**VACATED AND REMANDED**

2